Thomas A. Aurelio, J.
This is an article 78 proceeding commenced by petitioners to review the assignment of administrative personnel to positions in legal service as Clerks of court. Petitioners urge that this difference in their assignment conflicts with the expressed restriction of section 61 of the Civil Service Law and violates the clear intendment of the statute. The pertinent language of this section provides: “ 2. Prohibition against out-of-title work, No person shall be appointed, promoted or *641 employed under any title not appropriate to the duties to be performed and, except upon assignment by proper authority during the continuance of a temporary emergency situation, no person shall be assigned to perform the duties of any position unless he has been duly appointed, promoted, transferred or reinstated to such position in accordance with the provisions of this chapter and the rules prescribed thereunder. No credit shall be granted in a promotion examination for out-of-title work.”
It is conceded that petitioners Rosenblume and Stewart are duly appointed court Clerks of the Family Court, and that Raab and London were duly employed as Administrative Assistants of the Family Court prior to their assignment by the Administrative Judge to act as Clerks of court. Furthermore, that prior to the establishment of the present Family Court on September 1, 1962, Raab and London had been assigned similarly to positions within the legal service of the then Domestic Relations Court notwithstanding their permanent civil service classification as members of the administrative service. Petitioners argue that in view of the long duration of such out-of-title assignments, that the discretionary authority of the Administrative Judge to make temporary emergency assignments is obviously inapplicable to the present circumstances, that such assignments violate the legal prohibition against out-of-title work, that eligible persons from the legal service classifications are being deprived of promotional opportunities, and that the challenged assignments are contrary to the Judiciary Law of the State of New York, and the rules and regulations promulgated by the Judicial Conference particularly as the latter apply to personnel classifications. The Court Clerks’ Association of the Family Court is also a petitioner herein.
Respondents resist this assault upon their actions and authority, and invite the court’s consideration of the constitutional amendment erecting a unified court structure. Court reorganization became operative as of September 1, 1962 and the enormity of this task is self-evident. Subdivision (1) of section 35 of article VI of the Constitution spells out the effective rationale in these circumstancesto the extent practicable, [nonjudicial personnel] be continued without diminution of salaries and with the same status and rights in the courts established or continued by this article; and * * * to the extent practicable, be assigned to like functions in the courts ”. Reduction in the number of nonjudicial personnel, or in the number of certain categories was also provided for by law. Thus, respondents maintain that it was envisioned that variation of *642 the assignment of nonjudicial personnel was contemplated by this enactment.
It has not been demonstrated that the duties in fact performed by Raab and London constitute out-of-title work within the ambit of the civil service prohibition against out-of-title work. In the landmark decision in Matter of Bacom v. Conway (294 N. Y. 245, 253-254), the court stated: “The transfers were within the sound discretion of the administrative bodies concerned. * * * The transfers were to equal or lower positions and were permissible although, at the time, there was an open competitive list for the positions to which the intervenors were transferred.” However, resolution of this question is not necessary at this juncture.
The court is of the opinion that the present submission does not warrant or justify petitioners’ demand for immediate reassignment. The claimed demarcation between employment in legal service or administrative service in the Family Court is not dispositive of this proceeding. Rather, it appears that the continuance of existing assignments, pending a comprehensive re-evaluation thereof subsequent to and in consonance with the completion of the present classification survey is properly within the present authority of respondents. The creation of eligibility and promotional requirements is for the administrators of the court. Accordingly, the instant petition is premature and disposition of its merits is not reached by the court. The application is denied upon the ground that determination of this dispute should await the imminent completion of the aforesaid classification survey. The motion is denied and the petition is dismissed without prejudice.